IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA WHEELER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:05-CV-265-M |
| | § | |
| JOHN E. POTTER, Postmaster General, | § | |
| United States Postal Services Agency, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John E. Potter's Motion for Summary Judgment.  For the reasons stated below, the Motion is **GRANTED** in its entirety.

## BACKGROUND

Plaintiff Barbara Wheeler worked for the United States Postal Service ("Postal Service") from September 1984 until June 14, 1995, when she was terminated.  On June 15, 1995, she filed an internal grievance protesting her discharge, and on May 29, 1996, an arbitrator upheld her removal.  She eventually filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), which affirmed the denial of her request for relief and issued a right-to-sue letter on July 25, 2002.[1]  On October 17, 2002, the EEOC denied Wheeler's request for reconsideration of its July 25, 2002 decision, and Wheeler filed suit in this Court on February 8,

---

[1] The EEOC's decision of July 25, 2002 stated:
> Upon review, the Commission finds that the agency's final action dated May 24, 2001, which implemented an Administrative Judge's decision dated December 20, 2000, dismissing complainant's complaint due to untimely EEO Counselor contact, is proper pursuant to 29 C.F.R. § 1614.107(a)(2).

2005 alleging: (1) discrimination in violation of Title VII, 42 U.S.C. § 2000e; (2) violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654; (3) breach of contract; (4) violations of the Due Process Clause of the Fifth Amendment to the United States Constitution; and (5) violations of 42 U.S.C. § 1983.[2]

## STANDARD OF REVIEW

Summary judgment is warranted when the facts as evidenced in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as

---

[2] The Court previously dismissed Wheeler's allegation that Potter violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12214.

"evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding evidence favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch*, 140 F.3d at 625. Further, the party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

## ANALYSIS

Potter moves the Court to enter summary judgment in his favor against all of Wheeler's claims. Wheeler conceded in her response that she no longer intends to pursue causes of action under the Family and Medical Leave Act, the Fifth Amendment, and 42 U.S.C. § 1983. Those claims are therefore **DISMISSED WITH PREJUDICE**. The remaining claims are discussed below.

*A. Title VII Claims*

Wheeler alleges that her termination on June 14, 1995 violated Title VII.[3] Potter urges the Court to dismiss her suit because (1) she failed to timely contact an Equal Employment Opportunity Counselor ("EEO Counselor") within forty-five days of receiving notice of her termination,[4] and (2) she failed to file this suit within ninety days of the EEOC's July 25, 2002 decision. Wheeler concedes failure to timely contact an EEO Counselor and failure to timely file the instant suit; however, she urges the Court to equitably toll the timing limitations and to allow her action to proceed. Because the Court finds that equitable tolling of the ninety-day filing requirement is not warranted, it does not reach the question of whether equitable tolling of the forty-five day counselor-contact requirement is appropriate, and **DISMISSES** Wheeler's Title VII claims for failure to exhaust her administrative remedies.

To exhaust her administrative remedies, a federal complainant seeking to challenge an employee's actions under Title VII must file suit within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Medrano v. City of San Antonio*, 179 F. App'x 897, 899 n.5 (5th Cir. 2006) (citing *Vielma v. Eureka Co.* 218 F.3d 458, 463 (5th Cir. 2000)). In this case, the EEOC issued notice of Wheeler's right to sue on July 25, 2002. She filed suit in this Court on February 8, 2005, concededly more than ninety days after notice of her

---

[3] There is some confusion in the briefing of the parties as to whether Wheeler challenges the Postal Service's handling of her 1999 "bid notice." However, as the Court noted in its Order of January 9, 2006, Wheeler does not allege facts in her Amended Complaint concerning any such bid notice. Although the Court highlighted this deficiency in the January 9, 2006 Order, Wheeler did not amend or seek leave to amend the Amended Complaint to correct it. Wheeler's Title VII cause of action challenges only her removal on June 14, 1995. *See* FED. R. CIV. P. 8(a).

[4] Certain federal employee Title VII complainants are required to contact an EEO Counselor within forty-five days "of the matter alleged to be discriminatory or, in the case of personnel action, . . . of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *see also* 29 C.F.R. § 1614.103(b)(3).

right to sue. Courts have applied equitable tolling "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992) ("[E]quitable tolling may apply where the claimant has vigorously pursued [her] action, but has inadvertently missed deadlines due to . . . her lack of sophistication with the procedural requirements of Title VII claims."). The doctrine applies only sparingly, and the burden of demonstrating the propriety of its invocation falls squarely on the party seeking its relief. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

Wheeler argues that equitable tolling is appropriate (1) because the EEOC did not include in its October 17, 2002 opinion—which denied Wheeler's request for reconsideration of the July 25, 2002 decision—any reference to the requirement of suing within ninety days of the original decision, which time would shortly expire, and (2) because the July 25, 2002 decision did not indicate that she would forfeit her right to sue if she requested reconsideration.[5] However, Wheeler does not allege, much less offer evidence to demonstrate, that she was misled by the EEOC or that she misunderstood the July 25, 2002 notice of her right to sue, which stated in no unclear terms that she had "the right to file a civil action in an appropriate United States District Court *within ninety (90) calendar days* from the date that" she received the (original) decision.[6]

---

[5] Wheeler's time to file suit had not expired by October 17, 2002, the date of the EEOC's denial of her request for reconsideration of its July 25, 2002 decision. Thus, there can be no argument that Wheeler's request for reconsideration involved an unknowing forfeiture of her right to sue.

[6] The absence of evidence on this point is highlighted by Wheeler's affidavit to demonstrate a lack of notice regarding the counselor-contact requirement. That affidavit does not reference any confusion as to the ninety-day filing requirement.

Pl.'s App. at 19 (emphasis in original). Wheeler delayed over two and a half years in filing her suit. Therefore, the Court finds that Wheeler has not satisfied her burden of justifying the application of equitable tolling, and it declines to equitably toll the filing requirement. *See Warren v. United States*, No. 06-482-C, 2006 WL 3490932, at *4 (Fed. Cl. Nov. 30, 2006) (declining to equitably toll a statute of limitations due to an insufficient factual basis). Potter's Motion is accordingly **GRANTED** in this respect, and Wheeler's Title VII claims are **DISMISSED WITH PREJUDICE**.

### B. Breach of Contract Claim

Potter argues that Wheeler's breach of contract claim is preempted by the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.* ("CSRA"). Wheeler wholly fails to respond to this argument. In *Bush v. Lucas*, the Supreme Court considered whether to authorize non-statutory damage actions—i.e., *Bivens* actions—by federal employees for First Amendment violations. 462 U.S. 367, 368–69 (1983); *see Bivens v. Six Unknown Named Agents of Fed. Narcotics Bureau*, 403 U.S. 388 (1971). The Court declined to supplement the regulatory scheme created by the CSRA with First Amendment *Bivens* claims "[b]ecause such claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States." *Id.* Although the Supreme Court has never decided whether the CSRA likewise preempts *state-law* claims relating to federal employment, the Fifth Circuit and every other circuit to have faced the issue have held that the logic of *Bush* extends to state-law claims by federal employees for adverse personnel actions.[7] *Rollins v. Marsh*, 937 F.2d 134, 139–40 (5th Cir. 1991).

---

[7] The CSRA does not preempt Title VII claims. *Rollins*, 937 F.2d at 140.

Thus, the Court finds that Wheeler's state-law breach of contract claim, which arises out of her employment relationship with the Postal Service, is preempted by the CSRA. *See Bush*, 462 U.S. at 368. Wheeler's Amended Complaint clearly indicates that the alleged breach relates to her termination. Accordingly, Potter's Motion is **GRANTED** as to Wheeler's claim of a breach of contract, which is **DISMISSED WITH PREJUDICE**.

*C. Attorney Fees*

Having dismissed Wheeler's substantive claims, the Court **DISMISSES** her claims for attorney fees.

**CONCLUSION**

Potter's Motion is **GRANTED** in its entirety, and Wheeler's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

January 30, 2007.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**